## WEITZEL *v.* CITY OF FORDSON.

### MURPHY *v.* SAME.

1. MUNICIPAL CORPORATIONS—TAKING LAND FOR PROPOSED PUBLIC IMPROVEMENT NOT ITSELF AN IMPROVEMENT.

   The taking of land by a city in condemnation proceedings for a proposed public improvement is not in itself a public improvement.

2. SAME—PUBLIC IMPROVEMENT—FORDSON CHARTER—PROCEEDINGS FOR WIDENING STREET VALID.

   Proceedings for the widening and improving of a certain street in the city of Fordson are not invalid because the resolution of the city council declaring its intention of providing said public improvement, as required by section 195 of the charter, was adopted subsequent to the adoption of the resolution initiating proceedings for the condemnation of the land necessary therefor, as authorized by section 180 of the charter.

3. SAME—TAXATION—SPECIAL ASSESSMENTS VALID.

   Where all the necessary steps under the charter in regard to providing public improvements were taken for the widening and improving of a certain street in the city of Fordson,

assessments therefor on lands in the special assessment district, levied on the theory of benefits to be derived from said improvement (1 Comp. Laws 1915, § 3390), are valid.

Appeal from Wayne; Brennan (Vincent M.), J. Submitted June 21, 1928. (Docket No. 105, Calendar No. 33,846.) Decided December 4, 1928.

Separate bills by William B. Weitzel and others and Margaret Murphy and others against the city of Fordson and others to set aside special assessments and to enjoin collection thereof. The cases were consolidated and heard as one. From decrees for plaintiffs, defendants appeal. Reversed, and bills dismissed.

*Percy W. Grose, Howard H. Colby,* and *Bernard P. Costello,* for plaintiff Weitzel *et al.*

*Race, Haass & Allen,* for plaintiff Murphy *et al.*

*John L. Austin* (*Thomson, Wood & Hoffman,* and *J. Richard Newman,* of counsel), for defendants.

Clark, J. The plaintiffs filed these two bills to set aside and to enjoin collection of assessments levied on their lands by the city of Fordson under special assessment for benefits for proposed improvement, opening and widening of Mulkey avenue in the city. The defendants are the city, its treasurer, and councilmen. From a decree for plaintiffs, defendants have appealed.

We quote a section of the charter relative to appropriating private property for public use:

"Appropriation of Private Property for Public Use.

"180. Section 1. Subject to the limitations in this charter contained, the city shall have power to appropriate private property, either within or without the city limits, for public use. All such proceed-

ings shall, at the option of the council, be taken in accordance with the provisions of Act No. 149 of the Public Acts of Michigan of 1911, being sections 353 to 373 inclusive of the Compiled Laws of Michigan of 1915, or in accordance with the provisions of chapter 75 of the Compiled Laws of Michigan of 1915." * * *

And a section respecting making public improvements:

"Resolution Declaring Intention to Make Improvements: What to Contain:

"195. SECTION 15. Whenever the council desires to acquire or provide for a public improvement, it shall so declare by resolution, and in said resolution shall describe the improvement and, if the improvement be a special assessment improvement, shall describe the special assessment district to be specially assessed, either by description of the boundaries of such district or by a description of each parcel of land contained in such district, give the number of such district and state what part of the cost of the improvement shall be paid by the city and what part by the special assessment district. The council shall also direct the city engineer, or some other competent person employed for that purpose, to prepare maps, plans and estimates of cost of the said improvement and, if the improvement be a special assessment improvement, a map of the special assessment district, showing among other things, the boundaries of each parcel of land therein contained and the names of the owners thereof, if known. The council may order several estimates of cost based upon different kinds of material or otherwise as it may direct."

The council, on May 5, 1925, adopted the usual initiatory resolution declaring the opening and widening of Mulkey avenue to be a necessary public improvement and directing the corporation counsel to institute and prosecute necessary proceedings to

acquire by condemnation the land required for the improvement. The resolution conforms to requirements of Act No. 149, Pub. Acts 1911 (1 Comp. Laws 1915, § 356). In the proceeding there was verdict of necessity, award, confirmation, full payment of award, and no appeal taken.

On March 9, 1926, the council adopted a resolution pursuant to and following the terms of the quoted section 195 of the charter to provide for special assessment improvement, and all necessary steps were taken respecting assessment district, notice, review, etc.

The contention is thus stated by the trial judge:

"The main contention of the plaintiffs is that the resolution provided for in paragraph 195 of the charter above quoted should have been adopted prior to the institution of the condemnation proceedings and at the time the council first expressed its desire to acquire or provide for the public improvement in question, viz.: (as plaintiffs contend) on May 5, 1925.

"Defendants concede that the resolution required by paragraph 195 was not adopted until March 9, 1926, some time after the condemnation verdict, but contend that its adoption on that date was a full compliance with the requirements of paragraph 195.

"To state the plaintiffs' contention in another way: The essential features of the resolution of March 9, 1926, should have been incorporated in the resolution of May 5, 1925. Failure to do so constituted a jurisdictional defect in the proceedings in that it violated the express mandate contained in paragraph 195 of the charter. In answer to this contention defendants argue that in the resolution of May 5, 1925, the city did not undertake to comply with paragraph 195, nor was it required to; that the resolution of that date was passed merely as the initial jurisdictional step in the condemna-

tion proceedings, in compliance with the provisions of the State agency act, and did not pretend to be a compliance with paragraph 195 of the charter, and that the resolution of May 5th did not constitute a declaration of intention or of a desire upon the part of the council to provide for or to acquire a public improvement; nor did it include a determination to make any improvement whatever. Defendants contend that the resolution of May 5, 1925, was a compliance with the requirements of the State agency act wherein it provides for the adoption of a resolution declaring the necessity for the condemnation as the initial step in the proceedings, and that the resolution of March 9, 1926, was a compliance with the charter, and that the charter does not contemplate that the resolution required by paragraph 195 be adopted at the same time as the resolution of necessity provided for by the State agency act.''

It is our duty to harmonize and to save, if possible, both quoted provisions of the charter. The city's taking in condemnation of private property was not in itself a public improvement. The taking was for a proposed public use, a proposed public improvement. See 31 C. J. p. 265. This is expressly recognized in both statutes adopted by reference in the quoted section 180 of the charter. The improvement necessarily must follow the taking. In the taking in condemnation for the proposed public improvement the city properly followed section 180 of the charter. The condemnation proceeding was not under the charter to be burdened with the matter of special assessment improvement. Section 195 of the charter relates to public improvement, not to mere appropriation of private property for a proposed public use, and it does not contemplate that the matter of improvement should be joined with an action in condemnation. The city, having acquired the property, proceeded to the mat-

ter of public improvement, and adopted the resolution of March 9, 1926, and created a special assessment district, after award in condemnation, as it was permitted to do under 1 Comp. Laws 1915, § 3390. We quote from the section:

"If the common council, or board of trustees, or board of supervisors, believe that a portion of the city, village or county in the vicinity of the proposed improvement, will be benefited by such improvement, they may, by an entry in their minutes, determine that the whole or any just proportion of the compensation awarded by the jury shall be assessed upon the owners or occupants of real estate deemed to be thus benefited; and thereupon they shall, by resolution, fix and determine the district or portion of the city (or) village or county benefited, and specify the amount to be assessed upon the owners or occupants of the taxable real estate therein."

That the city may have followed, in the condemnation, procedure indicated by Act No. 149, Pub. Acts 1911, did not deprive it of substantive rights conferred by chapter 75, 1 Comp. Laws 1915, among them the right above stated.

The lands of plaintiffs and others in the special assessment district were not assessed on the theory that the city had paid out money in the condemnation proceeding for the use and benefit of plaintiffs and the others. The assessment was on the theory of benefits to be derived from the proposed public improvement. 1 Comp. Laws 1915, § 3390.

Plaintiffs' objection to the assessment is not sustained.

Decree reversed. Bills dismissed, with costs to appellants.

FEAD, C. J., and NORTH, FELLOWS, WIEST, McDONALD, POTTER, and SHARPE, JJ., concurred.